**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARTHA MATTHEWS | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CASE NO. 4:13cv291 |
| | § | Judge Clark/Judge Mazzant |
| BANK OF AMERICA, N.A., as successor | § | |
| by merger to BAC HOME LOANS | § | |
| SERVICING, L.P., FEDERAL | § | |
| NATIONAL MORTGAGE | § | |
| ASSOCIATION and PROSPER BANK | § | |
| | § | |
| *Defendants.* | § | |

## ORDER ADOPTING REPORT AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action,
this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28
U.S.C. § 636. On February 24, 2014, the report of the Magistrate Judge was entered containing
proposed findings of fact and recommendations that Defendant Prosper Bank's Motion for
Partial Summary Judgment [Doc. #33] be granted [Doc. #46]. On March 10, 2014, Plaintiff filed
objections [Doc. #47]. On March 17, 2014, Defendant filed a response [Doc. #48]. On March
28, 2014, Plaintiff filed a reply [Doc. #52].

The Magistrate Judge addressed the only remaining claim against Defendant, a claim for
fraudulent inducement that is predicated on a single allegation of a false representation, that "in
return for Plaintiff's business with Prosper Bank, Plaintiff's loan would remain with Prosper
[Bank] for the life of the loan." The Magistrate Judge found as follows:

Accepting that the alleged representations were made to Plaintiff does not alter the fact that Plaintiff signed documents that expressly stated that the Note could be sold. Plaintiff is responsible for having read these documents and cannot avoid the explicit written agreement. Plaintiff had an obligation to review the paperwork she was signing and having such knowledge she cannot use alleged oral promises to contradict what is contained in the written documents. It would be no different had Prosper Bank informed her that she would have a loan at a certain interest rate, yet she signed a Note that had a different rate. Plaintiff must accept some responsibility for her reviewing the documents she signed. It is undisputed that the alleged oral agreement that Plaintiff's loan would always remain with Prosper Bank was not memorialized in the Note and/or the Deed of Trust; therefore, the Court finds that Plaintiff's claim for fraudulent inducement is barred by the statute of frauds.

The Magistrate Judge concluded that "[i]t is true that the Note has no such restriction [allowing transfer], and what is even more clear is the Deed of Trust expressly allowed for the sale of the Note without notice to Plaintiff. Plaintiff cannot escape that she should be aware of the contents of the Deed of Trust, which defeats any claim for fraudulent inducement." The Magistrate Judge concluded that Defendant's motion should be granted and Plaintiff's case against this Defendant be dismissed with prejudice.

Plaintiff objects, asserting that the statute of frauds does not bar Plaintiff's claim because there is a material fact issue, citing the court to *Thompson v. Chrysler First Bus. Credit Corp.*, 840 S.W.2d 25, 33 (Tex. App.--Dallas 1992, no writ). Plaintiff continues to argue that she was fraudulently induced into entering into the written contract based upon the representation that the loan would stay in house with Defendant and not be sold.

Plaintiff merely reiterates the same argument advanced in opposition to the motion and fails to specifically object to the Magistrate Judge's findings. Plaintiff fails to address the finding with regard to section 26.02 of the Texas Business and Commerce Code, which specifically addresses loan agreements in excess of $50,000. It is clear that section 26.02 applies to the

underlying loan transaction at issue in this action.

Plaintiff's reliance upon *Thompson* is misplaced. *Thompson* found that "[a]bsent pleading and proof of ambiguity, fraud, accident, or mistake, a written agreement presumes that all prior agreements of the parties relating to the transaction have been merged into the written instrument. Its provisions will be enforced as written and cannot be added to, varied, or contradicted by parol testimony." *Thompson*, 840 S.W.2d at 33. *Thompson* also explained that "parol evidence is admissible to reform a written instrument if there are allegations of mutual mistake or of unilateral mistake accompanied by fraud, trickery, or other inequitable conduct." *Id.* at 33-34. In this case there is no proof that Plaintiff was tricked into entering the loan. However, what is clear is that Plaintiff signed a Deed of Trust that expressly acknowledged that her loan could be sold by Defendant. Plaintiff fails to address the Magistrate Judge's finding that a party is not justified in relying on an oral representation that is directly contradicted by the express, unambiguous terms of a written agreement. Plaintiff's summary judgment evidence does not raise a material fact question that would allow her to escape the documents she signed.

Plaintiff also objects that she had no prior knowledge of the contents of the Deed of Trust. Plaintiff argues that whether Plaintiff read the entirety of the Deed of Trust is irrelevant because she relied upon the representation of Defendant's representative. The Magistrate Judge found that Plaintiff acknowledged that Defendant would not be servicing the loan and the servicing rights would be transferred when Plaintiff signed the Servicing Disclosure Statement. The Magistrate Judge suggested that any damage being sought by Plaintiff would necessarily flow from the transfer of the servicing of the loan and not the actual transfer of the Note. Nonetheless, Plaintiff cannot escape that she signed a Note that contained no restriction on the

ability of the transfer of the Note, and signed a Deed of Trust that expressly allowed the sale of the Note without notice to Plaintiff.  To the extent that Plaintiff's objections are specific enough, the court overrules the objections as lacking any merit.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Plaintiff, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant Prosper Bank's Motion for Partial Summary Judgment [Doc. #33] is **GRANTED** and Defendant Prosper Bank is **DISMISSED** with prejudice.

.     So **ORDERED** and **SIGNED** on April <u>11</u>, 2014.

_____
Ron Clark, United States District Judge